**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELVIN RODRIGUEZ-DURAN; et al., | No. 23-2074 |
| Petitioners, | Agency Nos.<br>A216-757-391 |
| v. | A216-637-664<br>A216-637-674 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2024[**]

Before:    WALLACE, GRABER, and BUMATAY, Circuit Judges.

Elvin Rodriguez-Duran, Sofia Alvarado-Alvarado,[1] and their son

("Petitioners"), natives and citizens of El Salvador, petition pro se for review of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]    The Clerk will update petitioners' names on the docket to "Elvin Rodriguez-Duran" and "Sofia Alvarado-Alvarado," consistent with the Board of Immigration Appeals' order.

Board of Immigration Appeals' order affirming without opinion an immigration judge's decision denying their application for asylum and Rodriguez-Duran's applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the determination that petitioners failed to establish they were or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (petitioner's contention that he was persecuted on account of political opinion based on his general aversion to gangs rejected), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Because Rodriguez-Duran failed to establish any nexus at all, he also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). Thus, petitioners' asylum claim and Rodriguez-Duran's withholding of removal claim fail.

In light of this disposition, we need not reach petitioners' remaining

contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the denial of CAT protection because Rodriguez-Duran failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**